IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Petition of Dalia Genger, as Trustee of The Orly Genger 1993 Trust Established on Dec. 13, 1993 by Arie Genger, grantor. | Case No. 19-cv-9365-AKH |
| Dalia Genger, trustee of the Orly Genger 1993 Trust, Petitioner, v. Orly Genger, Arie Genger, Glenclova Investment Company, TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, Trans-Resources, Inc., Arnold Broser, David Broser, John Does 1-20, and Jane Does 1-20, Respondents. | Hon. Alvin K. Hellerstein |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER**

Ron Satija, the Chapter 7 Trustee ("Bankruptcy Trustee") for the bankruptcy estate of respondent Orly Genger ("Orly"), by and through his undersigned counsel, hereby files on behalf of Orly this Memorandum of Law in Support of Motion to Transfer, pursuant to 28 U.S.C. § 1412, to transfer this proceeding to the U.S. District Court for the Western District of Texas, where the related bankruptcy proceeding is pending, and respectfully states as follows:

**INTRODUCTION**

Venue transfer is warranted here because this matter is an integral part of a bankruptcy estate being administered in a bankruptcy court in the transferee venue, the Western District of Texas. Only one party to this action, Dalia Genger ("Dalia") opposes removal and transfer.

1

Orly, as debtor, filed for bankruptcy in the Western District of Texas, where her bankruptcy case is pending. On behalf of debtor, Ron Satija, the court-appointed Bankruptcy Trustee, removed this case from the New York County Surrogate's Court to this Court on October 9, 2019, pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure. Debtor, the Trustee and almost all of Orly's creditors agree that transfer is in the best interests of the parties and best serves public policy, including conservation and economy of judicial resources and promotion of an efficient and fair bankruptcy administration.

Despite Dalia's opposition to transfer, she in fact has no real basis to oppose. All of the parties to this case have legal counsel, most of whom have already appeared in the Texas bankruptcy proceeding, including Dalia. Within the past two weeks alone, Dalia has filed voluminous briefing and pleadings with a multitude of voluminous exhibits in the bankruptcy case. She did so in connection with her objection to a proposed settlement resolving the bankruptcy that is supported by the court-appointed Bankruptcy Trustee and numerous creditors who are owed millions of dollars. She also filed papers in support of her objection to the bankruptcy estate's retention of counsel, and other matters. She also commenced her own adversary proceeding in the Texas bankruptcy in which she objects to the dischargeability of Orly's debts. And, she has also issued numerous subpoenas demanding discovery in the Texas bankruptcy case. By her own litigious conduct in Texas, Dalia has demonstrated that she has no impediment litigating in that forum.

None of the other parties in this removed action oppose transfer of venue to Texas. Arie Genger and Arnold and David Broser are creditors or interested parties participating in the Texas

bankruptcy. Their consent to the transfer of this proceeding is memorialized in a proposed settlement agreement filed with the bankruptcy court.[1]

Finally, matters that affect the remaining parties to this case – entities that are collectively known as the "Trump Group" (no relation to the current U.S. President) – also will necessarily be litigated in Texas a part of the bankruptcy proceeding.

This case itself involves similar issues that are being considered by the Texas bankruptcy court, including issues raised by claims that Dalia and her son Sagi (whom Dalia did not name as a respondent in this case) are making in the bankruptcy case. In this proceeding, Dalia purports to seek the "turnover" of funds that the Trump Group has already paid and will have to pay in the future to certain of the other respondents in this litigation pursuant to a 2013 settlement agreement. Dalia claims that those assets belong to a trust set up in 1993 for Orly's benefit for which Dalia serves as trustee (the "OG Trust"). In the bankruptcy, Sagi (who is aligned with Dalia) claims that these same assets are actually the property of Orly's bankruptcy estate. Additionally, other interested parties in the bankruptcy – including Arie Genger and David and Arnold Broser – are seeking approval by the bankruptcy court of a proposed settlement that would resolve critical issues that will affect Dalia's and Sagi's claims that they are allegedly seeking to assert on behalf of Orly or the OG Trust.

Therefore, based on the allegations in this action and also the competing claims being made in the bankruptcy proceeding, this proceeding necessarily could affect property of the bankruptcy estate, and unquestionably affects the administration of the bankruptcy estate. This matter is thus a "core proceeding" in the bankruptcy. Therefore, in the interest of justice, judicial

---

[1] Dalia claims to have voluntarily discontinued her claims in this action against respondents David Broser, Arnold Broser, and Arie Genger, so that she and her son Sagi Genger can pursue the relief against them in a new litigation one or both of them caused to be filed in this jurisdiction, captioned *Manhattan Safety Maine v. Bowen*, Case No.

3

economy, and the parties hereto, the Bankruptcy Trustee respectfully requests the transfer of this case to the Western District of Texas, where an order of reference to the Bankruptcy Court may be obtained.

## FACTUAL BACKGROUND

Dalia commenced this proceeding against the respondents in the New York County Surrogate's Court in 2016. All respondents moved to dismiss Dalia's petition on various grounds in 2017, but before the Surrogate's Court could decide the motions to dismiss Dalia filed an amended petition. All respondents filed new motions to dismiss, and these motions have been *sub judice* before the Surrogate's Court since June 2018.

Orly is a resident of Texas. On July 12, 2019, Orly filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, Austin Division, under Case No. 19-10926-TMD. Because the claims Dalia asserts in this action necessarily conflict with claims being made by parties, including Sagi, in the pending bankruptcy proceeding, the Bankruptcy Trustee removed Dalia's Surrogate's Court action to this Court on October 9, 2019, so that it can be transferred to be heard in the same District as the bankruptcy case.[2]

## ARGUMENT

**I.      Standards of Law**

Transfer of venue of an action that concerns matters "core" to issues being considered in a pending bankruptcy case is accomplished pursuant to 28 U.S.C. § 1412. *In re Westinghouse Elec. Co. LLC*, No. 18-CV-3942-VSB, 2019 WL 1349500, at *5 (S.D.N.Y. Mar. 25, 2019). This

---

19-cv-5642-LGS. The effectiveness of Dalia's voluntary dismissal with respect to these respondents has not yet been adjudicated and is undetermined. For that reason, on this motion they are still parties.

[2] The Bankruptcy Trustee also removed a related action from the Surrogate's Court to this Court, under Case No. 19-cv-9319-AKH. A motion to transfer that case to the Western District of Texas was filed on October 14, 2019.

4

statute permits a district court to transfer a case under Title 11 "to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. "On a motion to transfer venue pursuant to 28 U.S.C. § 1412, 'the district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy.'" *Old Ladder Litigation Co., LLC v. Investcorp Bank B.S.C.*, 2008 WL 11400737, at *2 (S.D.N.Y. Oct. 8, 2008) (quoting *Gulf States Exploration Co. v. Manville Forest Prods. Corp.*, 896 F.2d 1384, 1391 (2d Cir. 1990)).

Courts in this District consider six factors in determining whether such transfer is in the interest of justice: 1) whether transfer would promote the economic and efficient administration of the bankruptcy estate; 2) whether the interests of judicial economy would be served by the transfer; 3) whether the parties would be able to receive a fair trial in each of the possible venues; 4) whether either forum has an interest in having the controversy decided within its borders; 5) whether the enforceability of any judgment would be affected by the transfer; and 6) whether the plaintiff's original choice of forum should be disturbed. *In re Westinghouse*, 2019 WL 1349500, at *5-6.

The factors considered by courts when considering a motion to transfer brought pursuant to 28 U.S.C. § 1404 can also be relevant considerations. *Id.* ("In determining whether to grant a motion for transfer under § 1412, courts consider substantially the same factors as for a motion to transfer under 28 U.S.C. § 1404(a).") (citation omitted). These factors include: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means

5

of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice. *Id.* at *5.

## II. Transfer of this Action Is In The Interest of Justice

Transfer to the Western District of Texas is warranted in the interest of justice. As set forth below, five of the six factors weigh in favor of transfer, and one is neutral.

### 1. Transfer will Promote the Efficient Administration of the Bankruptcy Estate

This proceeding involves Dalia's claims against the respondents – including Orly, the debtor – which directly overlap and conflict with claims being asserted by various parties, including Dalia herself, in the Texas bankruptcy proceeding. It is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2), because, among other things, through this action Dalia is seeking to recover assets that, in the view of some interested parties, are property of the bankruptcy estate, and in the view of other interested parties, are not property of the bankruptcy estate but are part of the consideration for a proposed settlement to resolve the bankruptcy that the bankruptcy court will be considering pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. *See* 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (E), (O). Accordingly, the bankruptcy court in all circumstances has to adjudicate the very matters asserted by Dalia in this action in order to properly administer the bankruptcy estate. Transfer of this action to the Western District of Texas will facilitate this – while also permitting Dalia to have her claims in this action heard – and enable to the bankruptcy action to proceed in the most efficient manner possible. *See Old Ladder Litigation Co.*, 2008 WL 11400737, at *2 (transferring litigation to District of Delaware, where bankruptcy proceeding was pending, because it would be "most economical and efficient" for the bankruptcy estate to address the overlapping issues in one location before one judge). Therefore, this factor weighs in favor of transfer to the Western District of Texas.

6

2.  **The Interests of Judicial Economy will be Served by the Transfer**

As articulated above, the claims that Dalia is asserting against respondents here overlap and conflict with various claims that she and others are asserting in the bankruptcy proceeding, and will need to be considered by the bankruptcy judge in all events. Therefore, it would be redundant, and potentially problematic due to the possibility of conflicting judgments, for the merits of this action to be simultaneously heard in this jurisdiction. Judicial economy considerations accordingly support transfer to the Western District of Texas.

3.  **The Parties Will Receive a Fair Trial in Either Venue**

Nothing suggests that either the Southern District of New York or the Western District of Texas is biased for or against any party.

4.  **The Western District of Texas has an Interest in Deciding this Matter**

The bankruptcy is pending in the Western District of Texas, and there is a strong presumption that related cases should be transferred to the forum of the bankruptcy proceeding. *See Old Ladder Litigation*, 2008 WL 11400737, at *4. As set forth above, here it is unquestionable that the allegations in this matter will need to be adjudicated by the bankruptcy court. Additionally, because Orly lives in Texas, that State has an interest in the claims involving its citizen. For these reasons, this factor weighs in favor of transferring the case, even though Dalia may live in New York.

5.  **Any Judgment Dalia Could Obtain in Texas is Enforceable in New York**

A judgment obtained in Texas in favor of Dalia would be enforceable in New York, and therefore this factor does not weigh against transfer. In all events, it would be more efficient for the bankruptcy court to consider and issue the judgment in this action, because the outcome of

7

this action will necessarily implicate the distribution of assets of the bankruptcy estate (and vice versa). Therefore, this factor weighs in favor of transfer to the Western District of Texas.

### 6. The Original Choice of Forum does not Militate Against Transfer

Dalia commenced this action in the New York Surrogate's Court only because Orly was already pursuing a claim in that court against her for damages and for her removal as trustee of the OG Trust. That other action was similarly removed by the Bankruptcy Trustee to this Court, in related Case No. 19-cv-9319-AKH, and a similar motion to transfer that case to the Western District of Texas was filed in that case on October 14, 2019. Therefore, Dalia's initial choice of forum is of no consequence.

Additionally, respondents' motions to dismiss Dalia's claims in this action have been pending since June 2018. It is in the best interests of all parties to this action (and to the bankruptcy action) for the merits of Dalia's claims in this case to be addressed expeditiously. The transfer sought will enable adjudication on the merits in a timely fashion, whereas the Surrogate's Court has been unable to resolve this matter for almost a year-and-a-half and no schedule for reaching the merits has even been set in that court. Accordingly, this factor weighs in support of transfer to the bankruptcy court.

## III. Transfer of this Action is Convenient for the Parties

Section 1412 also permits transfer if it is convenient for the parties. Orly lives in Texas, and therefore it would be more convenient for her for the action to proceed there. Though Dalia may live in New York, she has appeared in the bankruptcy proceeding, has Texas counsel, and is actively litigating in Texas in connection with the bankruptcy. For instance, she has filed an adversary proceeding against Orly in the bankruptcy, and numerous briefs in connection with relief she is seeking from the bankruptcy court. She has already issued a multitude of subpoenas

8

in the Texas proceeding, through which she has demanded production of a litany of documents in connection with her response to contested matters in the bankruptcy.

All of the other respondents to this case except the Trump Group parties also have counsel in and are appearing in the bankruptcy case. Arie Genger, Arnold Broser, and David Broser have explicitly consented to the transfer of this case to Texas, as described in a settlement agreement they entered into and filed with the bankruptcy court. Therefore, not only is transfer to the Western District of Texas in the interest of justice, it is also in the interest of the parties.

**IV.     Application of Section 1404(a) factors Confirm Transfer is Appropriate**

Transfer to the Western District of Texas is also warranted when the factors relevant to transfer pursuant to 28 U.S.C. § 1404(a) are considered. *In re Westinghouse*, 2019 WL 1349500, at *5.

*First*, the parties and relevant witnesses to this action, including petitioner Dalia, are already participating in the Texas bankruptcy. Moreover, Orly lives in Texas. *Second*, there are no operative facts, documents, or other sources of proof that are more accessible in New York compared to any other location. In fact, all of the relevant information concerning the claims in this action will necessarily have to be presented to the bankruptcy court in Texas. *Third*, Dalia, who has millions of dollars, has the ability to litigate in Texas (as evidenced by her active participation in the bankruptcy proceeding already). *Fourth*, Texas courts regularly apply the law of other states, including New York. *Fifth*, as articulated above, though Dalia commenced this action in New York Surrogate's Court, that is only because Orly had been proceeding in a related Surrogate's Court action her, which now has similarly been removed to this Court and is subject to a similar motion to transfer. *Finally*, for the reasons set forth in Sections II and III above, the interests of justice and matters of efficiency weigh in favor of transfer.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Trustee respectfully requests this matter be transferred to the Western District of Texas.

Dated: New York, New York
October 22, 2019

                KASOWITZ BENSON TORRES LLP

                /s/ Michael Paul Bowen
                By:  Michael Paul Bowen (mbowen@kasowitz.com)
                Andrew R. Kurland (akurland@kasowitz.com)
                1633 Broadway
                New York, NY 10019
                Tel. (212) 506-1700
                Fax (212) 506-1800

                *Attorneys for Ron Satija, Bankruptcy Trustee*