UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Petition of DALIA GENGER, as Trustee of the Orly Genger1993 Trust Established on Dec.13, 1993 by Arie Genger, grantor. | Case No. 19-cv-9365 (AKH) |
| Dalia Genger, trustee of the Orly Genger 1993 Trust,<br><br>Petitioner,<br><br>v.<br><br>Orly Genger, Arie Genger, Glenclova Investment Company, TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, Trans-Resources, Inc., Arnold Broser, David Broser, John Does 1-20, and Jane Does 1-20,<br><br>Respondents. | N.Y. Cty. Surrogate's Court File No.: 2008-0017/E |

**RESPONDENT ORLY GENGER 1993 TRUST'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

POLLOCK COHEN LLP
60 Broad St., 24th Fl.
New York, NY 10004
(212) 337-5361
*Attorneys for Michael Oldner,
Trustee of the Orly Genger 1993 Trust*

**Table of Contents**

**INTRODUCTION** ..................................................................................................1

**FACTUAL BACKGROUND** ................................................................................3

    I.    The Underlying Litigation ........................................................................ 3

        A.    The 2004 Divorce and Ensuing Litigation ................................. 3

        B.    The 2013 Settlement..................................................................... 4

        C.    The "Turnover" Petition .............................................................. 4

    II.    The Bankruptcy Proceedings and Instant Removal Petition.................. 6

**LEGAL STANDARDS** .........................................................................................7

**ARGUMENT** .........................................................................................................8

    I.    The removing party lacks standing to maintain this action..................... 8

    II.    Mandatory abstention principles require the remand of these petitions. ............... 9

        A.    The Trustee's remand motion is timely...................................... 10

        B.    The removed petition is based on state law................................ 10

        C.    The removed petition is not a "core" bankruptcy claim. .......... 10

        D.    The remaining factors weigh in favor of remand. ..................... 11

    III.    Discretionary abstention principles weigh in favor of remand. ............ 13

**CONCLUSION** .................................................................................................. 15

## Table of Authorities

**Cases**

*Colish v. United States (In re Colish)*,
 289 B.R. 523 (Bankr. E.D.N.Y. 2002) ................................................................................ 15

*Fairfield Sentry Ltd. Litig.*,
 458 B.R. 665 (S.D.N.Y. 2011) ......................................................................................... 9, 11

*Fox v. Board of Trustees*,
 42 F.3d 135 (2d Cir. 1994) ..................................................................................................... 9

*Gen. Motors LLC Ignition Switch Litig.*,
 No. 14 MD 2543 (JMF), 2017 WL 5195234 (S.D.N.Y. Nov. 9, 2017) .................................. 11

*Genger v. Genger*,
 2018 U.S. Dist. LEXIS 126958 (S.D.N.Y. July 27, 2018) ...................................................... 4

*Genger v. Genger*,
 771 Fed. Appx. 99 (2d. Cir. 2019) ..................................................................................... 3, 4

*Genger v. TR Inv'rs, LLC*,
 26 A.3d 180 (Del. 2011) ......................................................................................................... 3

*Genger*,
 2010 NYLJ LEXIS 2670 (Surrogate's Ct., N.Y. Cty. Nov. 18, 2010) ..................................... 3

*In re Boisseau*,
 2017 U.S. Dist. LEXIS 11964 (N.D.N.Y. Jan. 30, 2017) ..................................................... 14

*Lefkowitz v. Bank of New York*,
 528 F.3d 102 (2d Cir. 2007) ................................................................................................. 14

*Marshall v. Marshall*,
 547 U.S. 293 (2006) .............................................................................................................. 14

*Muhammed v. City of N.Y. Dep't of Corrections*,
 126 F.3d 119 (2d Cir. 1997) ................................................................................................... 9

*Multibank, Inc. v. Access Glob. Capital LLC*,
 594 B.R. 618 (Bankr. S.D.N.Y. 2018) ............................................................................ 10, 12

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*,
 639 F.3d 572 (2d Cir. 2011) ................................................................................................. 12

*Phillips v. Citibank, N.A.*,
 252 F. Supp. 3d 289 (S.D.N.Y. 2017) .................................................................................. 14

*Post Inv'rs LLC v. Gribble*,
 No. 12 Civ. 4479 (ALC) (AJP), 2012 WL 4466619 (S.D.N.Y. Sept. 27, 2012) .............. 11, 13

*Regan v. Ross*,
 691 F.2d 81(2d Cir. 1982) ............................................................................................. 15

*Residential Capital, LLC*,
 527 B.R. 865 (S.D.N.Y. 2014) ...................................................................................... 11

*Somlyo v. J. Lu-Rob Enters., Inc.*,
 932 F.2d 1043 (2d Cir. 1991) ..................................................................................... 7, 13

*Spokeo, Inc. v. Robins*,
 136 S. Ct. 1540 (2016) ................................................................................................... 8

*Traina v. Sewell (In re Sewell)*,
 180 F.3d 707 (5th Cir. 1999) ........................................................................................ 15

*United Food & Commercial Workers Union, Local 919 v. Centermark Props.*,
 30 F.3d 298 (2d Cir. 1994) .......................................................................................... 7, 8

*Wilson v. Republic Iron & Steel Co.*,
 257 U.S. 92 (1921) .......................................................................................................... 7

**Statutes**

11 U.S.C. § 321 ................................................................................................................. 2, 8

28 U.S.C. § 157 ..................................................................................................................... 11

28 U.S.C. § 1334 .............................................................................................................. passim

28 U.S.C. § 1452 ................................................................................................................... 13

N.Y. Surrogate's Court Procedure Act § 207 .......................................................................... 14

N.Y. Surrogate's Court Procedure Act § 209 .......................................................................... 14

**Treatises**

15 Moore's Fed. Practice − Civil § 101.31 .............................................................................. 7

15 Moore's Fed. Practice − Civil § 101.90 .............................................................................. 8

15 Moore's Fed. Practice − Civil § 101.94 .............................................................................. 8

16 Moore's Fed. Practice − Civil § 107.05 .............................................................................. 7

16 Moore's Fed. Practice − Civil § 107.06 .................................................................... 7, 13, 14

**INTRODUCTION**

Last month, Ron Satija, the then-serving Chapter 7 Trustee for the Debtor, Ms. Orly Genger, removed the underlying petition from New York State Surrogate's Court into the above-captioned case. *See* Notice of Removal (ECF No. 1; Oct. 9, 2019).[1] This underlying "Petition for Turnover of Trust Property and Other Relief" was originally filed in New York State Surrogate's Court in 2016, by the Debtor's mother Dalia Genger, as Trustee of the Orly Genger 1993 Trust. *See id.* ¶ 2; *see also* ECF No. 1-1 ("Turnover Petition").[2] Each respondent in that action moved to dismiss that Petition, and such motions have been *sub judice* before the Surrogate's Court since May 2018. *See* Notice of Removal ¶ 3 (ECF No. 1).

Nonetheless, following Orly Genger's Chapter 7 bankruptcy filing in the Western District of Texas in July 2019, Mr. Satija removed this Petition from New York State Surrogate's Court to this Court, pursuant to 28 U.S.C. § 1334. At the time, Mr. Satija's stated intent was to transfer this action to the Texas court where Ms. Genger's bankruptcy action was being held.

But for several reasons, Mr. Satija's removal of this Petition is improper, and an Order remanding this action back to state court is appropriate.

***First***, the removing party Ron Satija is no longer the Chapter 7 Trustee. Following a hearing before the Texas court on November 5, 2019, Ms. Genger's bankruptcy proceeding was transferred to the Southern District of New York. *See In re Orly Genger*, Bankr. Pet. No. 19-10926,

---

[1] Mr. Satija separately removed two other proceedings from the same New York State Surrogate's Court action into the related case, *Genger v. Genger et al.*, Case No. 19-cv-9319 (AKH) (S.D.N.Y.). The undersigned filed a separate motion to remand those two proceedings, centered on the same core of factual and legal premises. *See* No. 19-cv-9319 (AKH) (ECF Nos. 12–14).

[2] In June 2019, Ms. Dalia Genger appointed Michael Oldner as successor trustee to the Trust. Thus, this instant remand motion is being brought by Mr. Oldner in his capacity as the Trustee of Respondent The Orly Genger 1993 Trust.

5

Dkt. Rept. (Bankr. W.D. Tex.). And, because Mr. Satija neither resides nor maintains an office within this district, Mr. Satija can no longer serve as the Chapter 7 Trustee. *See* 11 U.S.C. § 321(a)(1) (identifying the qualifications for a Chapter 7 trustee).[3]

Thus, because Mr. Satija lacks the authority and standing to maintain this action—and, because it is the removing party's burden to demonstrate federal jurisdiction at each stage of the litigation—the removal petition is moot. Accordingly, this Court should abstain from exercising its jurisdiction, *see* 28 U.S.C. § 1334(c)(1), and simply remand these petitions back to state court.

**Second**, even aside from Mr. Satija's lack of authority or standing, the mandatory abstention doctrine applies here, *see* 28 U.S.C. § 1334(c)(2), and prevents this Court from exercising its authority over the removed petition. As detailed below, (1) the underlying state court petition is based on state law claims; (2) the claims are not "core" bankruptcy proceedings, much less "related to" core bankruptcy proceedings; (3) no other basis for federal jurisdiction exists, but for the purported bankruptcy claim; and (4) Mr. Satija has failed to show (and cannot show) that the state court cannot decide the submitted motions in a timely manner.

**Third**, equitable grounds weigh in favor of this Court's abstention from hearing the removed petition. *See* 28 U.S.C. § 1334(c)(1). To begin, the underlying petition has already been fully briefed and submitted to the New York State Surrogate's Court for a decision. And, given the federal courts' interest in comity with state courts and respect for New York State law, *see* 28 U.S.C. § 1334(c)(1), this Court should exercise its discretion and remand the removed petition back to state court. This is particularly true where a state court—as the case is here—has assumed jurisdiction over a trust and the debtor has participated actively in the proceeding.

---

[3] As a further result of this ruling, Mr. Satija's counsel has indicated that the motion to transfer the petitions in this action (ECF No. 6), as well as the related case, *Genger v. Genger et al.*, Case No. 19-cv-9319 (AKH) (S.D.N.Y.) (ECF No. 3), will be withdrawn.

- 2 -

6

In sum, the removed petition belongs in New York State Surrogate's Court. Orly Genger's continued attempts to forum shop her claims should be rejected. This Court should grant the instant motion and remand these proceedings back to state court.

## FACTUAL BACKGROUND

### I. The Underlying Litigation

#### A. The 2004 Divorce and Ensuing Litigation

The Genger family's ownership in Trans-Resources, Inc.[4] ("TRI") was initially held through TPR Investment Associates, Inc. ("TPR"). In 2001, a group known as the "Trump Group" (no relation to the President) purchased a minority stake in TRI. *See Genger v. TR Inv'rs, LLC*, 26 A.3d 180, 184 (Del. 2011).

Then, in 2004, as part of the settlement of the divorce of the Debtor Orly Genger's parents, Arie and Dalia Genger, the Genger family's valuable interests in TRI were allocated among (i) Arie, (ii) the Orly Trust (which had earlier been established primarily for the benefit of the Debtor Orly), (iii) and a separate trust for the benefit of the Debtor's brother, Sagi. *See Genger v. Genger*, 76 F. Supp. 3d. 488, 492-493 (S.D.N.Y. 2015) (Forrest, J.), *aff'd Genger v. Genger*, 771 Fed. Appx. 99, 99 (2d. Cir. 2019).

These transfers triggered substantial litigation between the Trump Group and the Genger family, which spanned years and multiple courts. *See, e.g., Arie Genger and Orly Genger v. Sagi Genger et al.*, Case No. 651089/2010 (N.Y. Cty. Sup.) (initiated July 26, 2010 by Arie and Orly Genger, with over 1,500 filings, the most recent being Oct. 31, 2019); *In re Genger*, 2010 NYLJ LEXIS 2670 (Surrogate's Ct., N.Y. Cty. Nov. 18, 2010); *Genger v. Genger*, 2018 U.S. Dist. LEXIS 126958,

---

[4] TRI is a holding company having as its principal asset a fertilizer business with manufacturing facilities in Israel. *See Genger v. TR Inv'rs, LLC*, 26 A.3d 180, 183 (Del. 2011).

- 3 -

*1–9 (S.D.N.Y. July 27, 2018) (recounting certain aspects of prior litigation), *aff'd Genger v. Genger*, 771 Fed. Appx. 99, 99 (2d. Cir. 2019).

### B. The 2013 Settlement

As noted above, under their October 2004 divorce settlement, Arie and Dalia agreed to transfer TPR's shares of TRI out of TPR to Arie and the two trusts. Among the ensuing litigation, in 2010, Arie and Orly filed suit in New York state court, the latter suing in relevant part in a derivative capacity, as trust beneficiary, on behalf of the Orly Trust—with respect to the TRI shares that previously had been acquired by the Orly Trust in 2004. *See Arie Genger et al. v. Sagi Genger et al.*, No. 651089/2010 (Sup. Ct., N.Y. Cty.) (the "2010 Action"), *Third Amended Complaint*, filed September 20, 2011, 2010 Action, Dkt. No. 112, at ¶¶ 208-226.

Following additional litigation in Delaware, the Debtor Orly settled the state court action with the Trump Group (the "2013 Settlement"). The 2013 Settlement finally resolved the litigation in various courts with respect to the Trump Group's ownership of the Orly Trust shares. (The ownership of the Arie shares had already been resolved in Delaware.)

As part of the 2013 Settlement, the Trump Group paid $32.3 million (comprised of $17.3 million in cash and two promissory notes of $7.5 million each). But these settlement funds paid in connection with the Orly Trust shares were not paid to the Orly Trust. Instead, despite the fact that the 2013 Settlement concerned, and provided consideration for, the Orly Trust's claim to beneficial ownership of the Orly Trust Shares, the Debtor Orly Genger's cohorts directed the transfer of the funds outside the Orly Trust to a series of entities controlled by David and Arnold Broser (Arie's litigation funders).

### C. The "Turnover" Petition

In 2016, as a result of the diversion of the settlement funds, Dalia Genger, as Trustee for The Orly Genger 1993 Trust, petitioned the New York State Surrogate's Court for a "Turnover

- 4 -

of Trust Property and Other Relief." *See* Turnover Pet., ECF No. 1-1. This Petition was indexed together with Orly Genger's earlier Surrogate's Court proceeding (i.e., the Removal Petition and Accounting Petition). The petition alleged a series of state law claims (not federal claims) seeking the "turnover" of the settlement proceeds due to the Trust in connection with the 2013 Settlement Agreement, as well as an accounting thereof. *See id.*, generally.[5]

The respondents in that action—including Orly and Arie Genger—moved to dismiss the Trustee's claims; the Trustee Dalia Genger later amended her Petition; and ultimately, by early May 2018, the parties' motions were fully briefed and submitted to the Surrogate's Court for a determination.

As with Orly's Removal Petition and Orly's Accounting Petition (which are the subject of the related action *Genger v. Genger*, Case No. 1:19-cv-9319 (AKH)), the amended turnover petition is addressed solely to Orly Trust assets and Trust matters, and not to the Debtor's estate.[6] Importantly, all of the removed New York Surrogate's Court disputes relate to which property is

---

[5] The turnover petition originally included Arie Genger, Arnold Broser, and David Broser as named respondents, but the amended turnover petition was discontinued as to these individuals on June 20, 2019. (ECF No. 1-48). The amended turnover petition remains live as against Orly Genger, Glencova Investment Company, R Investors, LLC, New TR Equity 1, LLC, New TR Equity 11, LLC, Trans-Resources, Inc., John Does 1-20 and Jane Does 1-20. *Id.*

[6] As detailed by Trustee's Motion to Remand in the related action, in 2008, the Debtor had Orly Genger applied to the New York State Surrogate's Court to, among other things, (1) remove her mother Dalia from serving as Trustee and (2) appoint a successor trustee or "special trustee" to investigate Dalia's purported wrongdoing as trustee—the "Removal Petition." *See In re the Orly Genger 1993 Trust*, No. 0017/2008 (Sur. Ct. N.Y. Cty.). Then, in 2012 and in the same Surrogate's Court action, Orly Genger filed a Petition for a Compulsory Accounting and Related Relief Pursuant to Surrogate's Court Procedure Act 2205—the "Accounting Petition."

Removal jurisdiction is lacking with respect to both petitions and such petitions should be remanded back to the New York State Surrogate's Court. *See* Mot. to Remand to State Court (ECF Nos. 12–14), in *Genger v. Genger*, Case No. 1:19-cv-9319 (AKH) (S.D.N.Y.).

- 5 -

owed to the Trust, who should control the Trust, and whether or not prior trustee(s) have been unfaithful to the Trust. The Debtor's bankruptcy estate has no interest in any of these disputes.

Finally, in June 2019, Dalia Genger, facing serious health issues, appointed Michael Oldner as successor trustee to The Orly Genger 1993 Trust. Mr. Oldner is a retired bond trader, living in Arkansas. He is also a disinterested professional, unrelated to the Genger family.[7]

## II. The Bankruptcy Proceedings and Instant Removal Petition

In July 2019, Orly Genger filed for Chapter 7 bankruptcy protection in the Western District of Texas. *See In re Orly Genger*, Bankr. Pet. No. 19-10926, (Bankr. W.D. Tex.) (the "Bankruptcy Case"). Ron Satija was appointed interim Chapter 7 Trustee. He then engaged the law firm Kasowitz Benson Torres LLP to represent the Chapter 7 Trustee's interests, notwithstanding the Kasowitz law firm's many competing and conflicting interests.[8]

On the basis of the bankruptcy proceeding, the Kasowitz firm, representing the then-Chapter 7 Trustee Ron Satija, filed a Notice of Removal for the instant Turnover Petition on October 9, 2019. *See* ECF No. 1.

---

[7] Notwithstanding Mr. Satija's unsupported footnote argument suggesting that such appointment is "invalid," *see* Notice of Removal, at 2 n.1 (ECF No. 1), neither Orly Genger nor Mr. Satija have formally challenged Mr. Oldner's appointment or qualifications to serve as Trustee.

[8] The Kasowitz law firm, in addition to representing (i) the former interim Chapter 7 Trustee, Ron Satija, also represents or represented (ii) itself as a creditor of the Bankruptcy Estate, *see* Bankr. Case, ECF No. 20, at PDF page 20 ($1,457,751 owed to Kasowitz law firm); (iii) the Debtor Orly Genger, *see, e.g., Dalia Genger v. Sagi Genger v. Orly Genger*, No. 17-cv-8181 (VSB) (DCF), ECF No. 224 ("On behalf of non-party Kasowitz Benson Torres LLP (KBT) and our client Orly Genger…."); and (iv) Orly Genger's father, Arie Genger, *see Arie Genger et al v. Sagi Genger et al*, Sup. Ct., N.Y. Cty., No. 651089/2010, who is also a creditor of the Bankruptcy Estate, *see* Bankr. Case, ECF No. 20, at PDF page 35 ($5,451,389 owed to Arie Genger).

Given these many potential conflicts of interest, interested parties to the Texas Bankruptcy Case objected to the Chapter 7 Trustee's application to employ the Kasowitz law firm. *See* Bankruptcy Case, ECF Nos. 104, 125.

- 6 -

Then, on November 5, 2019, the Texas bankruptcy court held a hearing involving the Chapter 7 interim trustee, Orly Genger, the Kasowitz law firm, and various creditors to the Orly Genger estate. Following the presentation of evidence and argument from the interested parties, the Texas court ordered the transfer of Orly Genger's bankruptcy proceedings to the Southern District of New York. Included with such transfer was a pending motion to dismiss, brought by creditor Sagi Genger, arguing that Orly Genger's entire bankruptcy proceeding was a sham, commenced for an improper purpose, and merely a litigation tactic designed to avoid the conclusion of the more than decade of Genger family litigation.

## LEGAL STANDARDS

For years, federal courts have construed the removal statutes to effectuate their congressional purpose generally, which is to restrict removal jurisdiction. *See* 16 Moore's Fed. Practice – Civil § 107.05. And, because the effect of removal is to deprive a state court of jurisdiction over a case properly before it, removal raises federalism concerns that mandate "strict construction." *Id*.

Accordingly, a strong presumption exists against removal jurisdiction, and "all doubts are generally resolved in favor of remand." *Id*. § 107.06 (citing cases); *see also Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.").

The removing party furthermore bears the burden of establishing federal jurisdiction, *see Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *United Food & Commercial Workers Union, Local 919 v. Centermark Props.*, 30 F.3d 298, 301 (2d Cir. 1994) (same), as well as each element of standing, which is an "indispensable part of the case." 15 Moore's Fed. Practice – Civil § 101.31;

- 7 -

11

*see Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (party seeking federal jurisdiction has the burden to establish standing). And, where jurisdiction is lacking, dismissal is mandatory. *United Food*, 30 F.3d at 301.

## ARGUMENT

The Orly Genger Trust Trustee's instant motion to remand is based on three grounds: (1) the mootness doctrine—i.e., a lack of standing by Mr. Satija to maintain this action; (2) mandatory abstention principles, pursuant to 28 U.S.C. § 1334(c)(2); and (3) discretionary abstention principles, pursuant to 28 U.S.C. § 1334(c)(1).

### I. The removing party lacks standing to maintain this action.

Here, because the Texas court transferred the Chapter 7 bankruptcy proceedings to the Southern District of New York, Mr. Satija lacks the requisite standing to maintain this action. Per 11 U.S.C. § 321(a)(1), a Chapter 7 Trustee must reside, or maintain an office in, the judicial district where the Chapter 7 proceeding is pending. And, because Mr. Satija neither resides nor maintains an office within this district, Mr. Satija may not serve as the Chapter 7 Trustee.

In other words, Mr. Satija's removal action has been rendered moot, and this Court's dismissal of this proceeding for lack of jurisdiction is appropriate. *See* 15 Moore's Fed. Practice – Civil § 101.90 (noting that if a party "has, in essence, been divested of standing," a case may be dismissed for lack of jurisdiction under the mootness doctrine) (citing cases).[9]

---

[9] As Moore's Federal Practice further explains, "the requisite personal interest that must exist in the outcome of the litigation at the time the action is commenced must continue throughout the pendency of the action. … Once a plaintiff is divested of standing by virtue of the absence of a personal stake in the controversy, the necessary adversity of interests between the parties, demanded by Article III, is lacking." *See* 15 Moore's Fed. Practice – Civil § 101.94[1] (noting further that a change in the plaintiff's status "will generally affect the justiciability of litigation," citing by way of example, challenges to school policies, which must be raised by currently affected students; challenges to prison conditions, which must be raised by those presently in confinement; challenges to state residency requirements, etc.). *See, e.g., Fox v. Board of Trustees*, 42

- 8 -

## II.     Mandatory abstention principles require the remand of these petitions.

As detailed here, principles of mandatory abstention weigh heavily in favor of remanding the removed petition back to state court.  Such principles are based on Subsection 1334(c)(2), which provides the following:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court **shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction**.

28 U.S.C. § 1334(c)(2) (emphasis added).  Courts have interpreted this mandate to mean that abstention is required where (1) the motion to abstain was timely filed, (2) the action is based on state-law claims, (3) the action is non-core, (4) the sole basis for federal jurisdiction is 28 U.S.C. § 1334, (5) an action is commenced in state court, and (6) the action can be timely adjudicated in state court.  *See In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 689 (S.D.N.Y. 2011).  And notably, "[i]t is the Debtors' burden to show that mandatory abstention is not applicable, including the

---

F.3d 135, 140 (2d Cir. 1994) (holding that declaratory and injunctive claims mooted by graduation); *Muhammed v. City of N.Y. Dep't of Corrections*, 126 F.3d 119, 123 (2d Cir. 1997) (holding that Muslim plaintiff's release from jail mooted his request for separate religious services for Nation of Islam inmates and hiring of Nation of Islam ministers).

Certainly, if and when a new Chapter 7 Trustee is appointed, that individual will necessarily want to reconsider Mr. Satija's removal of this petition, as well as those two petitions in the related case.  And given that any new Trustee may reach a different conclusion or course of action than Mr. Satija, prudence weighs in favor of remanding such petitions back to state court (or else staying such proceedings) for the reasons identified by this motion.

- 9 -

burden of proving that a matter could not be timely adjudicated in the state court." *Multibank, Inc. v. Access Glob. Capital LLC*, 594 B.R. 618, 629 (Bankr. S.D.N.Y. 2018) (collecting cases).

Here, even if Mr. Satija continued to possess the necessary standing to maintain this removal petition (which he does not), Mr. Satija has still failed to carry his burden in establishing that mandatory abstention does not apply. Indeed, a careful review of each factor weighs in favor of remand.

### A.   The Trustee's remand motion is timely.

To begin, the Orly Genger Trust Trustee's motion to remand is timely. The instant motion was filed within 30 days of the Notice of Removal, and before any transfer to the bankruptcy court.

### B.   The removed petition is based on state law.

The removed petitions are, furthermore, state law claims originally brought and vigorously litigated in New York State Surrogate's Court. See Turnover Pet., generally (ECF No. 1-1). Certainly, neither Orly Genger nor any of the other respondents in that action sought to remove the Trustee's petition to federal court.

### C.   The removed petition is not a "core" bankruptcy claim.

The Trustee's Turnover Petition is, moreover, not a "core" bankruptcy claim.

> Core claims are those proceedings "arising under title 11" and proceedings that "arise in" cases under title 11. Cases "arise under" title 11 when the cause of action or substantive right claimed is created by the Bankruptcy Code. Cases "arise in" a title 11 proceeding if they are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy.

- 10 -

*In re Fairfield*, 458 B.R. at 674 (internal quotation and citations omitted).[10]

Here, none of the substantive rights or claims being contested in the New York Surrogate's Court arise under Title 11. Similarly, the removed petition pre-existed Orly Genger's bankruptcy, and thus does not "arise in" a title 11 proceeding. In short, no "core" proceeding exists. And, the bankruptcy court's authority, *see* 28 U.S.C. § 157, is not triggered.

### D. The remaining factors weigh in favor of remand.

The remaining factors for this Court's consideration also weigh heavily in favor of remanding the petitions at issue. Here, the only asserted basis for federal jurisdiction is bankruptcy removal jurisdiction, 28 U.S.C. § 1334. *See* Notice of Removal (ECF No. 1). The petition at issue was removed from a pending action in the New York State Surrogate's Court.

And as to timing, the Removal Notice does not even attempt to address why the removed petition cannot be timely adjudicated in state court. As explained by the Second Circuit, four factors are considered when evaluating Subsection 1334(c)(2) timeliness:

> (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the … bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate.

---

[10] "A core proceeding is generally defined as a matter which would have no existence outside of the bankruptcy case." *Post Inv'rs LLC v. Gribble*, No. 12 Civ. 4479 (ALC) (AJP), 2012 WL 4466619, at *4 (S.D.N.Y. Sept. 27, 2012). "Proceedings 'arise under' the Bankruptcy Code where they clearly invoke substantive rights created by federal bankruptcy law." *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14 MD 2543 (JMF), 2017 WL 5195234, at *2 (S.D.N.Y. Nov. 9, 2017) (internal quotation and citation omitted); *see also In re Residential Capital, LLC*, 527 B.R. 865, 870 (S.D.N.Y. 2014) (holding "claims [that] are based on pre-bankruptcy agreements entered into under state contract law, … indisputably would exist outside the context of the bankruptcy," and therefore do not "'arise in' a case under title 11").

- 11 -

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 580 (2d Cir. 2011).  Stated differently, a timelines determination "ordinarily requires a comparison of the dockets in the different courts and of factors that might indicate that a decision is required more quickly than the state court will be able to provide."  *Multibank*, 594 B.R. at 629.

      Here, Mr. Satija fails to carry his burden.  No individualized showing has been presented concerning the dockets of the New York State Surrogate's Court, this Court, or its adjunct Bankruptcy Court.  No such comparison is suggested that one venue might more quickly decide an issue than the state court.  In fact, the Surrogate's Court has disposed of multiple claims asserted by the parties and has developed an intimate familiarity with the parties and their disputes.  And if anything, the length of time the Surrogate's Court has already spent considering the underlying Turnover Petition in all likelihood speaks to the complexity of interrelated claims and allegations made between the parties, throughout their ongoing litigation.

      In contrast, the recently transferred bankruptcy is only just beginning, and may not survive, depending upon the new bankruptcy court's decision on the pending motion to dismiss.  And even if such proceeding were to survive, additional delays would likely ensue as the Southern District's Bankruptcy Court and a new Chapter 7 trustee familiarize themselves with the case, claims, and morass of prior litigation in other courts.

      In such instances, the Second Circuit has noted that "when the facts in a case are especially complex, the forum with greater familiarity with the record may likewise be expected to adjudicate the matter more quickly."  *Parmalat*, 639 F.3d at 580–81.  There may be no better example than this one of a controversy for which familiarity with the record, and the specific domestic laws to be applied, is expected to aid adjudication.  This interfamily dispute has been waging for more than a decade—mostly in the New York courts (plus certain litigation in Delaware that was resolved long ago).  As a result, a careful consideration of the timeliness factor

- 12 -

weighs in favor of remanding the Turnover Petition back to state court. *See also* 16 Moore's Fed. Practice – Civil § 107.06 (noting a strong presumption against removal jurisdiction, and that "all doubts are generally resolved in favor of remand); *see, e.g.*, *Somlyo*, 932 F.2d at 1045–46 (same).

*        *        *

In sum, the removed petition concerns the administration and accounting of Trust assets—i.e., a creature of state law, previously consigned to the able supervision and determination of the Surrogate's Court. *See* N.Y. Surrogate Ct Proc. Act, Art. 2, 15, 22, *generally*. Thus, principles of mandatory abstention augur the remand of the removed petition. *See Post Inv'rs*, 2012 WL 4466619, at *4 ("A federal court should generally abstain from hearing non-core proceedings if they have already been commenced and can be timely adjudicated in the state forum.").

### III.    Discretionary abstention principles weigh in favor of remand.

Discretionary abstention principles also weigh heavily in favor of remand. Pursuant to 28 U.S.C. § 1334(c)(1), a district court "in the interest of justice, or in the interest of comity with State courts or respect for State law," may abstain from hearing a removed proceeding. *See also* 28 U.S.C. § 1452(b) (noting that any claim removed under Section 1334, may be remanded "on any equitable ground"). Factors that a court considers include the following:

> whether remand would prevent duplication or uneconomical use of judicial resources; the effect of the remand on the administration of the bankruptcy estate; whether the case involves questions of state law better addressed by a state court; comity; … prejudice to involuntarily removed parties; … whether remand will increase or decrease possibility of inconsistent results; the predominance of state law issues and non-debtor parties; and the expertise of the court in which the action originated.

- 13 -

16 Moore's Fed. Practice – Civil § 107.106[5] (citing cases).

Here, each factor weighs in favor of remanding the removed petition back to the Surrogate's Court. At bottom, Dalia Genger's removed petition is a state law claim dealing with the administration and accounting of trust proceeds. No federal rights are at stake. And, the Surrogate's Court possesses an expertise and familiarity with the removed petition, parties, and litigation history—none of which this Court, nor the adjunct bankruptcy court, yet possess.

Before the instant removal petition, the Surrogate's Court was presumably in the process of considering Dalia Genger's fully briefed turnover petition. Such court should be allowed to continue its work. Certainly, the Surrogate's Court is authorized and possesses the necessary expertise to decide such disputes involving lifetime, *inter vivos* trusts. *See* N.Y. Surrogate's Court Procedure Act § 207 (establishing the Surrogate Court's jurisdiction over lifetime trusts), 209(6) (establishing Surrogate's Court's power to "determine any and all matters relating to lifetime trusts"), 209(10) (granting "all of the powers that the supreme court would have in like actions and proceedings").[11]

Orly Genger has, furthermore, actively litigated and submitted such dispute for the Surrogate Court's determination. *See, e.g.*, *Phillips v. Citibank, N.A.*, 252 F. Supp. 3d 289, 299 (S.D.N.Y. 2017) (noting that where "the Surrogate's Court has assumed jurisdiction over the trust at issue[,]" the debtor has "participated actively in the Surrogate's Court proceeding[,]" and

---

[11] In a similar context, federal courts typically defer exercising jurisdiction over probate matters. *See, e.g.*, *Lefkowitz v. Bank of New York*, 528 F.3d 102, 105 (2d Cir. 2007) ("The 'probate exception' is an historical aspect of federal jurisdiction that holds 'probate matters' are excepted from the scope of federal diversity jurisdiction.") (citing *Marshall v. Marshall*, 547 U.S. 293, 307 (2006)). This exception exists to prevent "federal interference with state probate proceedings." *In re Boisseau*, 2017 U.S. Dist. LEXIS 11964, at *6 (N.D.N.Y. Jan. 30, 2017). For similar comity concerns, this Court should remand the removed petition back to the New York Surrogate's Court, which under New York law, has primary jurisdiction over such trust disputes. *See* N.Y. Surrogate's Ct. Proc. Act §§ 207, 209(6), (10).

is asking this court "to dispose of property that is in the custody of a state probate court," such facts weigh in favor of abstention). As a result, remanding the removed petition would likely decrease the possibility of an inconsistent result, and increase the potential for judicial economy, by avoiding the duplication of work and reconsideration of issues already addressed by the Surrogate's Court in this lengthy dispute.

Finally, the interests of comity (and questions of state law) weigh in favor of remanding the removed petition. In New York, every express trust—like the one at issue here, *see* Ex. A, Trustee Affirmation Ruling, at 1)—is presumed to be a spendthrift trust unless the settlor expressly provides otherwise. *See Regan v. Ross*, 691 F.2d 81, 86 n.14 (2d Cir. 1982). And, such interests may be excepted from the property of the bankruptcy court. *See Colish v. United States (In re Colish)*, 289 B.R. 523, 539 (Bankr. E.D.N.Y. 2002) (holding that a spendthrift clause may serve to except a trust from a bankruptcy estate, citing *Patterson v. Shumate*, 504 U.S. 753, 757–58 (1992)); *Traina v. Sewell (In re Sewell)*, 180 F.3d 707, 709 (5th Cir. 1999) (holding that debtor's beneficial interest in ERISA plan containing spendthrift provision is exempted from property of the estate under Bankruptcy Code section 541(c)(2)). In short, the Orly Trust is not an asset of the bankruptcy estate and cannot be drawn upon for the benefit of the estate.

Taken together then, the balance of equities weighs in favor of remanding the removed petition back to New York State Surrogate's Court.

## CONCLUSION

As discussed herein, Michael Oldner, Trustee of the Orly Genger 1993 Trust, respectfully requests that the Court remand this action back to the State court because of the (1) the mootness doctrine, i.e., a lack of standing by the former Chapter 7 Trustee Ron Satija to maintain this action; (2) mandatory abstention principles, pursuant to 28 U.S.C. § 1334(c)(2); and (3) discretionary abstention principles, pursuant to 28 U.S.C. § 1334(c)(1)).

- 15 -

| | |
|---|---|
| Dated: November 8, 2019<br>New York, NY | POLLOCK COHEN LLP<br><br>By: /s/ *Adam Pollock*<br>    Christopher K. Leung<br>    Adam L. Pollock<br>60 Broad St., 24th Floor<br>New York, NY 10004<br>Chris@PollockCohen.com<br>(212) 337-5361<br><br>*Attorneys for Michael Oldner, Trustee of*<br>*the Orly Genger 1993 Trust* |

- 16 -